JUSTICE RICE,
dissenting.
¶29 The Court’s general analysis about Rule 36 is correct, but, ultimately, I believe the facts require a different conclusion regarding prejudice, and would affirm. Bates first missed the agreed-upon discovery deadline on March 9, 2012. Bates did not act promptly regarding this violation, waiting until April 9 to request another extension from the Defendants. The Defendants agreed only to extend the deadline with regard to interrogatories and requests for production, but refused with regard to the requests for admission. Had Bates then promptly moved to withdraw his admissions, the Court’s analysis would apply, and withdrawal would be favored. However, Bates did nothing. He sought no relief from the District Court. Over three more months later, on July 31, Defendants moved for summary judgment, citing the admissions-which by then had been pending for almost five months without any action by Bates. Still, Bates did not act promptly. Another three weeks passed before Bates moved to withdraw his admissions, on August 21, 2012.
¶30 In its order denying withdrawal of the admissions, the District Court first found that “[a]t no time did Plaintiffs counsel file a notice *261 with the Court of the parties’ agreements to extend the statutory-discovery limits or seek the Court’s leave to extend the deadlines,” and noted that Plaintiff had conceded his responses were not timely. In its conclusions of law, the District Court concluded that “[w]hen Defendants did not agree to more time, Plaintiff was required by [M. R. Civ. P. 36(a)(3)] to seek an order from the Court. Plaintiff did not do this and did not answer the requests for admission until two months beyond the first extension agreed to by the Defendants, four months after first being served with the requests.” It further reasoned that “Plaintiff never asked the Court for leave to file a late response to the requests for admission and did not seek to withdraw or amend his admissions until, five months after they had been deemed admitted, Defendants moved for summary judgment. Defendants had a right to rely on the matters in those requests being deemed conclusively established and did so....” The court noted that the Plaintiffs “belated” actions forced the Defendants to defend against Plaintiffs motion to withdraw admissions at a time when, five months later, it was already litigating summary judgment in reliance, to which they were entitled, upon the admissions.
¶31 I acknowledge Raiser’s holding that the mere filing of a summary judgment motion by an opposing party in reliance on an erroneous admission does not constitute the prejudice necessary to support denial of a motion to withdraw the admissions. See Opinion, ¶ 22. However, in my -view, more is at issue here. Bates’ initial failure to answer the requests for admissions, followed by his continuing dilatoriness, shifted this litigation to a new course-one based upon his admissions to key questions-for a lengthy period of time. Bates did not seek relief from the District Court when the Defendants refused to agree to extend the deadline. He waited and did not seek withdrawal until over five months after missing the deadline, and then only after the Defendants had moved for summary judgment. I would not conclude that withdrawal of the admissions was required under these circumstances. Bates’ lack of diligence wasted extensive time of the parties and the judiciary. It sidetracked the litigation for almost six months. I believe this case is closer to Cordon, where the consequences of a two-and-a-half-month delay in seeking withdrawal were significant enough to warrant denial.
¶32 I would conclude that the District Court did not abuse its discretion and affirm.